885 F.2d 867
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alice Biggs WILLIAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fred Douglas HUBBARD, Defendant-Appellant.
 No. 89-5052.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 10, 1989.
Decided Sept. 5, 1989.
 
 William E. Martin, Federal Public Defender, Edwin C. Walker, Assistant Federal Public Defender, on brief for appellant Fred Douglas Hubbard.
 John McClain, Jr., Hatch, Little and Bunn, on brief for appellant Alice Biggs Williams.
 Margaret P. Currin, United States Attorney for the Eastern District of North Carolina, Robert J. Erickson, Attorney, Department of Justice, on brief for appellee.
 Before DONALD RUSSELL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Fred Hubbard and Alice Williams appeal their respective convictions in consolidated trials growing out of a federal credit union robbery. Hubbard was convicted of receipt, possession, concealment, storage, and disposal of stolen credit union money in violation of 28 U.S.C. Sec. 2113(c) (Count 3); and conspiracy to receive, possess, conceal, store, and dispose of stolen credit union money in violation of 28 U.S.C. Sec. 371 (Count 4).
 
 
 2
 Williams was convicted of armed robbery of a federally insured credit union in violation of 18 U.S.C. Secs. 2113(a) & 2113(d) (Count 1); possession or use of a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c)(1) and 18 U.S.C. Sec. 2 (Count 2); unlawful receipt and possession of money stolen from the credit union, in violation of 18 U.S.C. Sec. 2113(b) (Count 3); and conspiracy to knowingly, intentionally, and unlawfully receive and possess money stolen from the credit union in violation of 18 U.S.C. Sec. 371 (Count 4).
 
 
 3
 We affirm both convictions.
 
 
 4
 * Hubbard challenges only his sentence, as imposed under the Sentencing Guidelines. Specifically, he contends that the district court erred in taking into account the amount of money actually stolen from the credit union, around $17,000, rather than the amount actually received by him, $5,000, in determining the offense level for sentencing purposes. More specifically, he challenges both the burden of proof level which the court used in determining the proper amount to be taken into account, and the court's finding that he was properly chargeable with the larger amount.
 
 
 5
 Hubbard claims that the court should have used a clear and convincing proof burden standard, or at least a preponderance of the evidence standard, but in fact used only a "some evidence" standard in finding that he was chargeable under the Guidelines with knowledge that a larger amount than the $5,000 he received had been stolen. The contention that a clear and convincing standard should have been used is foreclosed by our recent decision in United States v. Urrego-Linares, --- F.2d ----, No. 88-5646 (4th Cir. July 20, 1989). In that case we rejected this standard as the appropriate one and held that factfinding in the sentencing process under the Guidelines should be by a preponderance of the evidence standard. Here, though the district court did not identify the proof burden it was applying, its finding that Hubbard knew, at least constructively, that the conspiracy of which he was convicted involved an amount of money in the range of that actually stolen was clearly supported by the requisite preponderance of evidence. On this basis the court properly found, pursuant to Guideline Sec. 1B1.3(a)(1) and accompanying Guideline Note 1, that Hubbard was chargeable with the stolen amount under the guideline directive that persons convicted of a conspiracy are accountable for "all conduct in the furtherance of the conspiracy that was known to or reasonably foreseeable by the defendant." Specifically, we conclude that the district court's finding that "there is sufficient evidence to draw an inference that [Hubbard] knew that there was more than the amount that he was involved with" is not clearly erroneous, and supports the offense level thereupon applied by the court. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989) (factfinding in sentencing process subject to clearly erroneous review as the deference due under the Guidelines).
 
 II
 
 6
 Williams assigns as error the district court's failure to instruct the jury that she might be found guilty as an accessory after the fact as a lesser included offense on her armed robbery charge. This contention is without merit.
 
 
 7
 Aside from the substantial question whether a proper objection to the court's instruction was made, the evidence simply did not support such an instruction. The evidence to which Williams points would tend, if believed, only to have shown that she only learned of the robbery while acting as the getaway driver for the direct perpetrator. Aid and comfort and support to a principal during an escape from the scene of a crime is not that of an accessory after the fact--a separate offense--but is that of an aider and abettor, as the jury was properly instructed. See United States v. McCaskell, 676 F.2d 995, 1000 (4th Cir.1982).
 
 III
 
 8
 Because the facts and legal contentions are adequately developed in the materials before the court and oral argument would not aid the decisional process, we dispense with oral argument, and affirm the judgment of conviction as to both appellants.
 
 
 9
 AFFIRMED.